UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| VIRGIL JUSTIN SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:16-CV-414 WL |
| | ) | |
| INDIANA DEPARTMENT OF CORRECTIONS, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Virgil Justin Smith, a pro se prisoner, filed a complaint and numerous motions. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). However, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

One of Smith's motions (DE 7) asks to amend his complaint. Pursuant to Federal Rule of Civil Procedure 15(a)(1), he may amend "once as a matter of course" without permission from the court because the complaint has not yet been served. Therefore the motion to amend will be denied as moot and the clerk directed to docket the amended complaint.

Two other motions (DE 4 and 9) ask the United States Marshals Service to serve the complaint. Smith is proceeding in forma pauperis. Therefore, if he states a claim, the complaint will be served as required by 28 U.S.C. § 1915(d). No motion is necessary. Therefore these motions will also be denied as moot.

Another motion (DE 6) asks for the production of various documents, but this motion was not served on any defendants. Moreover, there are not yet any defendants who are parties to this case. Therefore this motion will be denied. A related motion (DE 8) asks to partially withdraw the motion for documents. However, given that the motion for documents was denied, the motion to partially withdraw it is moot.

Smith's amended complaint (DE 7-1) is vague. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Smith alleges that he was denied medical treatment by Captain Schriner and Lieutenant Tatum for four stab wounds from October 4, 2015, until October 8, 2015. Smith states that he walked from the Chow Hall to Medical, but he does not say when he was stabbed nor where. He does not say who stabbed him nor with what. He does not say whether he had any difficulty

walking to or from the Chow Hall. He does not say whether his clothing was bloody or cut. Based on the description given, it does not appear that any prison officials knew that he had been stabbed until he walked to medical after eating lunch. It is not clear whether his wounds were obvious to the guard when he arrived at medical on October 4, 2015, or whether they were only discovered because he reported them. Either way, Smith alleges that the guard took him to Lieutenant Tatum who looked at the four stab wounds. However he does not say what Tatum saw. Were they bleeding? How deep were they? How big were they? Where on his body had he been stabbed? Smith alleges that Tatum and others should have immediately gotten him medical attention, but he has not provided facts which plausibly allege that he needed immediate medical attention. Smith alleges that Tatum took him to Captain Schriner who questioned him. He alleges that he was restrained and then locked in his cell because he argued with the guards, but he does not explain why they should have believed that he needed immediate medical treatment. He alleges that he was taken to Internal Affairs on October 8, 2015, but he does not say whether he saw any other prison staff before that date. He does not say whether he did (or could have) ask anyone else for medical care. He states that Internal Affairs officers took him to medical, but he does not say why they did so. Neither does he say whether they questioned him first or whether they took him directly to medical as soon as they saw him. He alleges that he was not given an X-ray, but he does not say why he believes he needed an X-ray. Smith states that the injuries could have been fatal, but the attached medical report from the October 8, 2015, appears to indicate that they were only very minor injuries.

> Multiple pinpoint areas less than 0.1 cm noted under left rib, left abd and 2 parallel left hip. Wounds scabbed over, no drainage noted. Pinpoint wound to rib cage and upper abdomen slightly reddened. Areas cleansed with povidone iodine, triple antibiotic ointment applied, bandaids over.

3

DE 7-1 at 21. Though he says he was in pain, he gives no indication how much pain and the medical report does not indicate that he was given any pain medication once he was seen for the pinpoint injuries that were treated.

To state a claim for the denial of medical treatment, the complaint must allege that a defendant was deliberately indifferent to an inmate's serious medical needs. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). A medical need is serious if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain, and that significantly affects the person's daily activities or features chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). Based on the facts in the amended complaint and the attached medical report, Smith has not plausibly alleged that he had a serious medical need to which any of the defendants were deliberately indifferent.

Smith also alleges that he struggled to file a grievance about these issues. However, "[p]rison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of [his] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011).

The amended complaint does not state a plausible claim. However, Smith has omitted many facts and therefore he can file an amended complaint if he believes that with additional facts he can plausibly allege that he had a serious medical need and that one or more defendant personally knew that he had a serious medical need, but was deliberately indifferent to it. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). If he decides to file another amended complaint, Smith needs to address the questions raised in this order and provide facts from which it can be plausibly

4

inferred that the four pinpoints on his abdomen were a serious medical need. He must also allege facts from which it can be plausibly inferred that he suffered injury (which he would not have otherwise suffered) because Schriner and Tatum were deliberately indifferent and delayed his medical visit for the four pinpoint injuries.

Finally, Smith filed a motion (DE 5) asking to be appointed counsel. "There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) (*citing Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007)). However, in some circumstances, the court may ask an attorney to volunteer to represent indigent parties. "When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc). Here, Smith has not stated a claim. Though he has been granted leave to file an amended complaint, he does not need a lawyer to do that for him. A lawyer does not know what happened; Smith does. A lawyer could interview Smith and then write down what he said, but Smith is literate and can write it down himself. Given the difficulties of this case, Smith is competent to litigate it himself. Therefore the motion will be denied.

For these reasons, the court:

(1) **DENIES AS MOOT** the motions (DE 4, 7, 8, and 9);

(2) **DENIES** the motions (DE 5 and 6);

(3) **DIRECTS** the clerk to docket the amended complaint (DE 7-1);

(4) **DIRECTS** the clerk to place this cause number on a prisoner complaint and send it to Virgil Justin Smith;

(5) **GRANTS** Virgil Justin Smith until August 25, 2016, to file an amended complaint; and

(6) **CAUTIONS** Virgil Justin Smith that if he does not respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

ENTERED: July 11, 2016

                                           s/William C. Lee  
                                           William C. Lee, Judge  
                                           United States District Court